# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JAVIER TORRES, Defendant. | No. CR 11-3014-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY DETERMINATION OF ADMISSIBILITY OF CERTAIN EVIDENCE**<br><br>**FILED UNDER SEAL** |

_____

In this case, defendant Javier Torres is charged as the sole defendant in a single-count Indictment (docket no. 1) with conspiracy to distribute methamphetamine and actual (pure) methamphetamine from about 2009 through August 2010. Trial is set to begin in this matter on October 22, 2012.

This case is now before me on the prosecution's October 10, 2012, Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 36), pursuant to Rule 104 of the Federal Rules of Evidence. The prosecution seeks the admission in this case, pursuant to Rule 404(b) of the Federal Rules of Evidence, of evidence of Torres's guilty plea to a felony charge in Colorado state court, on November 4, 2011, for possession with intent to distribute cocaine from about June 1, 2010, to September 2, 2010, that is, a period overlapping the conspiracy charged in this federal case. The prosecution asserts that the evidence in the Colorado case includes evidence of a traffic stop. More specifically, the parties' submissions indicate that the Colorado conviction arose from a traffic stop on July 12, 2010, in New Mexico, during

which six kilograms of powder cocaine were discovered in a hidden compartment in a white pickup truck in which Torres was the driver and sole occupant.

Torres's Response (docket no. 51), filed October 18, 2012, indicates that the parties have reached a stipulation, to be read into the record, concerning the prior conviction itself, so that evidence of the conviction itself is no longer at issue. Similarly, Torres indicates that evidence of two post-*Miranda* statements that he gave in September of 2010 to Colorado law enforcement is properly admissible under Rule 402 (rather than Rule 404(b)), but he does not present any argument concerning this evidence. Rather, the "fighting issue," according to Torres, is the admissibility of evidence of the circumstances of the July 2010 traffic stop in which 6 kilograms of cocaine were discovered in his vehicle. More specifically, he argues that he is accused of distributing methamphetamine, not cocaine, but even if the prosecution can satisfy most of the requirements under Rule 404(b) for admission of the traffic stop evidence, the prejudicial effect of admitting this evidence would bear so heavily on the jury that he would likely be convicted just based on the jurors' knowledge that he transported such a large amount of cocaine, leading jurors simply to assume that he is also guilty of the charged offense, so that he could not receive a fair trial.

Rule 404(b) of the Federal Rules of Evidence prohibits admission of prior convictions and "bad acts" simply to show a propensity to commit a charged offense, but does permit such evidence to be admitted for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." FED. R. EVID. 404(b). As the Eighth Circuit Court of Appeals has recently explained,

> Federal Rule of Evidence 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). It

2

> does not, however, prohibit the admission of such evidence if it is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. Whether Rule 404(b) prohibits the admission of a particular piece of evidence depends, therefore, on the purpose for which it is offered. *See Huddleston v. United States*, 485 U.S. 681, 687, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988) ("Generally, [Rule 404] do[es] not flatly prohibit the introduction of such evidence, but instead limit[s] the purpose for which it may be introduced.").

*United States v. Maxwell*, 643 F.3d 1096, 1101 (8th Cir. 2011). As the Eighth Circuit Court of Appeals has also explained, "'Admissibility of 404(b) evidence is governed by four factors: the evidence must be 1) relevant to a material issue; 2) proven by a preponderance of the evidence; 3) of greater probative value than prejudicial effect; and 4) similar in kind and close in time to a charged offense.'" *United States v. McGilberry*, 620 F.3d 880, 887 (8th Cir. 2010) (quoting *United States v. Walker*, 428 F.3d 1165, 1169 (8th Cir. 2005)); *Williams v. City of Kansas City, Mo.*, 223 F.3d 749, 755 (8th Cir. 2000) (applying the same factors to determine the admissibility of prior acts of the harasser in a discrimination suit, but excluding evidence of the harasser's prior affairs with customers as only minimally relevant to whether he had a motive to accost a co-worker, owing to lack of similarity, substantial temporal separation, and inflammatory nature). Even where evidence might otherwise be admissible pursuant to Rule 404(b), however, it may still be subject to exclusion, if its probative value is substantially outweighed by its potential for prejudice or confusion. *See Maxwell*, 643 F.3d at 1102 (explaining that such a balancing analysis may be "folded into" or separate from determination of whether evidence is admissible pursuant to Rule 404(b)).

I recognize that prior drug activity, and sometimes even subsequent drug activity, of the defendant may be admissible pursuant to Rule 404(b). In *United States v. Jones*, 145 F.3d 959 (8th Cir. 1998), the Eighth Circuit Court of Appeals reiterated that "'[e]vidence of similar drug activity is admissible in a drug prosecution case because "a defendant's complicity in other similar transactions serves to establish intent or motive to commit the crime charged."'" *United States v. Jones*, 145 F.3d at 964. The court held that this was true, even of subsequent, uncharged drug activity. *Id*. In *United States v. Logan*, 121 F.3d 1172 (8th Cir. 1997), the Eighth Circuit Court of Appeals held that "evidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *Logan*, 121 F.3d at 1178; *see also United States v. Ironi*, 525 F.3d 683, 687 (8th Cir. 2008) (recognizing that even possession of user-quantities of a controlled substance is relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs); *United States v. Hessman*, 493 F.3d 977, 983 (8th Cir. 2007); *United States v. Marquez*, 462 F.3d 826, 830 (8th Cir. 2006) (noting that the Eighth Circuit Court of Appeals has "frequently upheld the admission of prior drug convictions to show knowledge and intent when the defendant denied the charged drug offense"). Nevertheless, I have suggested that prior drug offenses involving different controlled substances or different kinds of conduct are less probative, and potentially more prejudicial, because they are less "similar in kind" to the charged offense. *See United States v. Donisi*, 2007 WL 2915630, *3 (Sept. 25, 2007) ("To the extent that evidence of prior drug activity is not shown to involve the same controlled substances . . . or the same conduct . . . its probative value is slight, and the potential for unfair prejudice, in the form of conviction of the charged offenses because the defendant has engaged in prior drug activity, is substantial.").

The potential for unfair prejudice here arising from a prior conviction involving a different drug, powder cocaine rather than methamphetamine, is seriously exacerbated by the very large quantity of powder cocaine at issue in the July 2010 traffic stop. That large quantity would certainly encourage jurors to convict Torres simply because he had previously been involved with such a large quantity of cocaine, regardless of the evidence concerning any conspiracy to distribute methamphetamine. This is precisely the sort of unfair prejudice that is at issue under Rule 404(b) (and Rule 403), because it tends to suggest decision on an improper basis, *see United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011), that is, a decision on the basis of an emotional reaction to the quantity of cocaine involved in a prior offense, rather than evidence relating to the present charge. *See* FED. R. EVID. 403, Advisory Committee Notes (noting that an "improper basis" is "commonly, though not necessarily, an emotional one"). I believe that the large quantity of cocaine involved in the traffic stop is also sufficiently "inflammatory" to outweigh its probative value. *See United States v. Adams*, 401 F.3d 886, 900 (8th Cir. 2005) (recognizing that unfairly prejudicial evidence is evidence that is so inflammatory on its face as to divert the jury's attention from the material issues in the trial). Finally, evidence of the quantity of cocaine involved in the stop has little probative value itself, but does encourage a decision based on "propensity" or "conformity." *Maxwell*, 643 F.3d at 1101; FED. R. EVID. 404(b).

The solution, however, is not to exclude evidence of the traffic stop in its entirety—because it *is* evidence relevant to the circumstances of the conviction for contemporaneous drug trafficking, which, in turn, shows Torres's knowledge, motive, intent, plan, and lack of mistake or accident in allegedly conspiring to distribute methamphetamine—but only to exclude evidence of the *quantity* of cocaine discovered in Torres's truck in July 2010, as the part of the evidence that is likely to be inflammatory or likely to encourage a decision on an improper basis in this case, and

5

likely to result in a conviction based merely on Torres's apparent propensity to engage in drug trafficking. More specifically, the prosecution may present evidence that Torres was stopped by New Mexico highway patrol officers in July 2010, and during a consensual search of the vehicle that Torres was driving and in which he was the sole occupant, *a quantity of* powder cocaine was discovered in a hidden compartment, leading to his felony charge with and eventual guilty plea to possession with intent to distribute cocaine from about June 1, 2010, to September 2, 2010.

THEREFORE, the prosecution's October 10, 2012, Motion For Preliminary Determination Of Admissibility Of Certain Evidence (docket no. 36) is **granted**, with the following limitations:

1. Evidence of Torres's November 4, 2011, *conviction* in Colorado state court for possession with intent to distribute cocaine from about June 1, 2010, to September 2, 2010, shall be admissible as and to the extent that the parties have stipulated to admission of that *conviction*, and the stipulation itself may be read into the record;

2. The prosecution may also present evidence that Torres was stopped by New Mexico highway patrol officers in July 2010, and during a consensual search of the vehicle that Torres was driving and in which he was the sole occupant, *a quantity of* powder cocaine was discovered in a hidden compartment, leading to his felony charge with and eventual guilty plea to possession with intent to distribute cocaine from about June 1, 2010, to September 2, 2010, *but* no evidence of the specific quantity of cocaine discovered in the vehicle in the course of that traffic stop shall be admitted; and

3. Evidence of two post-*Miranda* statements that Torres gave in September of 2010 to Colorado law enforcement is properly admissible.

IT IS FURTHER ORDERED that, to avoid exposure of potential jurors to information about excluded evidence, this ruling shall be sealed until ten days after

6

completion of trial or any guilty plea, unless a party files a motion within that ten-day period showing good cause why the ruling should remain sealed.

**IT IS SO ORDERED**.

**DATED** this 19th day of October, 2012.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA